PER CURIAM:
Claimants brought this action for vehicle damage which occurred when their 2005 Harley Davidson 1200 Sportster struck a hole while traveling on Eccles Road in Beckley, Raleigh County. Eccles Road is a road maintained by respondent. The Court is of the opinion to make an award in this claim for the reasons more fully stated below.
The incident giving rise to this claim occurred between 3:30 p.m. and 4:00 p.m. on August 13, 2006. Eccles Road is a one-lane road at the area of the incident involved in this claim. James Meadows testified that on the sunny and dry day in question, he and his wife were riding his motorcycle with his son traveling ahead of them on another motorcycle. He stated that his son was approximately one hundred yards in front of him and that he saw his son swerve his motorcycle to avoid holes in the road. Mr. Meadows testified that there was a truck traveling towards him when he came upon the holes in the road. He stated that because there was an oncoming truck, he could not avoid the holes, and his motorcycle struck both holes. Mr. Meadows stated that the first hole was approximately twelve to eighteen inches wide, eighteen *113 inches long, and seven inches deep. Claimants’ motorcycle struck the holes sustaining damage to the front rim and tire totaling $638.39. Claimants’ insurance deductible was $500.00.
The position of the respondent is that it did not have actual or constructive notice of the condition on Eccles Road at the site of the claimant’s accident for the date in question. Respondent did not present any testimony or evidence at the hearing of this matter.
The well-established principle of law in West Virginia is that the State is neither an insurer nor a guarantor of the safety of travelers upon its roads. Adkins vs. Sims, 130 W.Va. 645; 46 S.E.2d 81 (1947). In order to hold respondent liable for road defects of this type, a claimant must prove that respondent had actual or constructive notice of the defect and a reasonable time to take corrective action. Chapman vs. Dept. of Highways, 16 Ct. Cl. 103 (1986).
In the instant case, the Court is of the opinion that respondent had at least constructive notice of the holes which claimants’ motorcycle struck and that the holes presented a hazard to the traveling public. Photographs in evidence depict the size and location of the holes in the road. The size of the holes leads the Court to conclude that respondent had notice of this hazardous condition and respondent had an adequate amount of time to take corrective action. Thus, the Corut finds respondent negligent and claimants may make a recovery for the damage to their motorcycle. However, the Court further finds that Mr. Meadows was aware of the holes after having seen his son swerve to avoid them and that he should have stopped his motorcycle to avoid them, and therefore, the Court assesses thirty percent (30%) comparative negligence against the claimants.
In accordance with the findings of fact and conclusions of law stated herein above, the Court is of the opinion to and does make an award to claimants in this claim in the amount of $350.00.
Award of $350.00